CHARLES S. EASTMAN & others *vs.* JOHN W. PERKINS & others.

The discharge of a poor debtor under Rev. Sts. *c.* 98, cannot be impeached merely by proving an error in the middle letter of the creditor's name, in the copy of the citation served upon him; the original citation being correct, and the officer having returned that he served a true copy.

DEBT upon a jail bond dated February 14, 1851. The breach assigned was, that the defendant Perkins, the principal in the bond, did not surrender himself within ninety days to the jailer, and was not lawfully discharged.

The defence was that he was lawfully discharged, by taking the poor debtors' oath, within ninety days from the date of his commitment, and at the trial his discharge was proved.

The plaintiffs objected to the validity of the proceedings by which said Perkins was discharged, and they produced in evidence the certified copy of the citation of his intention to take the oath, which by law is required to be served upon the creditor, and which was directed to Charles C. Eastman and others, instead of Charles S., and which also recited the execution as being in favor of Charles C. and others. The original citation, the officer's return thereon, the magistrates' certificate of discharge, and the bond in suit, all described the plaintiffs correctly, and the only error was in the copy of the citation served on the plaintiffs. The officer returned that he served a true copy of the original citation. The plaintiffs did not attend the examination.

Upon these facts, the presiding judge in the court of common pleas, *Bishop*, J. ruled, that this error in the name of one of the creditors in the copy of the citation, did not vitiate the notice, but that the proceedings of the examining magistrates under it were legal. The verdict was for the defendants; and the plaintiffs alleged exceptions.

*A. W. Farr*, for the plaintiffs.

*B. Dean*, for the defendants.

DEWEY, J. The original citation contains the true names of the creditors in the execution, and the officer has certified that

he left a true copy. It is not enough to show an error in the copy left by the officer, to render these proceedings invalid, and charge the sureties on the prison bond. Without expressing any opinion upon the effect of the error in the copy, the court are of opinion, that upon the record in the case, and the return of the officer, the magistrates had jurisdiction, and the defendants are not liable upon the bond.

*Exceptions overruled.*